# EXHIBIT A



CLERK OF COURTS
MAHONING COUNTY, OHIO
APR - 1 2015
FILED
ANTHONY VIVO, CLERK

# IN THE COURT OF COMMON PLEAS
## MAHONING COUNTY, OHIO

| | |
|---|---|
| DON M. TERRELL, Individually, as Executor of the Estate of Ellen L. Terrell, Deceased, and on Behalf of the Heirs and Next-of-Kin of Ellen L. Terrell, Deceased<br>2291 Volney Road<br>Youngstown, OH 44511<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL MOTORS, LLC, aka GENERAL MOTORS COMPANY<br>300 Renaissance Center<br>Detroit, MI 48265<br><br>and<br><br>JOHNSON CONTROLS, INC.<br>5757 North Green Bay Avenue<br>Glendale, WI 53209<br><br>and<br><br>ANTHONY J. ITALIANO<br>131 Beechwood Drive<br>Youngstown, OH 44512<br><br>Defendants. | CASE NUMBER 15CV 877<br><br><br><br>JUDGE DAPOLITO<br><br><br><br>**CIVIL COMPLAINT**<br>(Jury Demand Endorsed Hereon) |



2015 CV
00877
00088341458
COMP

1

Now come Plaintiffs, Don M. Terrell, Individually, as Executor of the Estate of Ellen L. Terrell, and on Behalf of the Heirs and Next-of-Kin of Ellen L. Terrell, Deceased, and for their Complaint state as follows:

## JURISDICTION

1. At all times relevant herein Plaintiff Don M. Terrell was a married person, whose place of residence was in the City of Youngstown, and County of Mahoning, Ohio.

2. At all times relevant herein, Plaintiff's decedent, Ellen L. Terrell, was the wife of Plaintiff Don M. Terrell, whose place of residence was in the City of Youngstown, and County of Mahoning, Ohio.

3. At all times relevant herein, Defendant General Motors, LLC, aka General Motors Company (hereinafter referred to as "GM"), is a corporation, incorporated in the State of Delaware, with offices and place of business at 300 Renaissance Center, Detroit, MI 48265.

4. In 2009, GM acquired substantially all the assets of Motors Liquidation Company (formally General Motors Corporation), and assumed certain liabilities of the former General Motors Corporation ("GMC"), including liability for any defect in the design of one of its products as is asserted in this action. GM, as the successor corporation to GMC, continues to provide the same services and continues to design, manufacture, market and sell the same products formally provided by and designed, manufactured, marketed and sold by GMC. In doing so, GM uses the same factories and manufacturing plants previously used by GMC to design, manufacture, market and sell the same products. GM also uses much of the same dealership network previously used by GMC and further

2

relies upon, employs and utilizes the same engineering staff and many of the same corporate officers. GM is, in essence, a mere continuation of GMC. It is the same business simply under a new name. As such, GM is liable under state law principles of successor liability for liabilities of GMC and, as such, is liable for the damages and injuries arising out of the sale of GMC vehicles that were sold prior to GM's purchase and acquisition of GMC's assets, including the Saturn vehicle discussed throughout this complaint. (GM LLC and General Motors Corporation are hereinafter collectively referred to as "GM").

5. At all times relevant herein, Defendant GM has regularly conducted business within the State of Ohio and County of Mahoning and is specifically engaged in the business of designing, manufacturing, and selling automobiles including Saturn vehicles throughout the county and State.

6. At all times relevant herein, Defendant Johnson Controls, Inc. (hereinafter referred to as "JCI"), is a corporation with an address for service of process of 5757 North Green Bay Avenue, Glendale, WI 53209.

7. At all times relevant herein, Defendant JCI regularly manufactured and sold automobile seats, including seats included in the Saturn vehicle involved in this case, which are used by consumers throughout the State, as well as the City of Youngstown, County of Mahoning, Ohio.

8. At all times relevant herein, Defendant Anthony J. Italiano is an individual residing at 131 Beechwood Drive, Youngstown, OH 44512.

9. At all times relevant herein, Defendants GM and JCI acting by and through their duly authorized subsidiaries, divisions, subdivisions, agents, servants, and employees, designed, developed, formulated fabricated, manufactured, inspected, tested, advertised,

3

promoted, marketed, packaged, distributed, supplied, warranted, sold, and/or delivered General Motors vehicles, as well as drivers and passenger seating, including seat pans, seatbacks, and all mechanisms that are part of the seats in General Motors vehicles, including a Maroon 2009 Saturn Vue, bearing vehicle identification number 3GSCL53729S534833 (hereinafter the "Saturn" or the "subject vehicle").

10. Venue and jurisdiction are proper in the Common Pleas Court for Mahoning County, State of Ohio, as the acts, events, and circumstances mentioned in this action and complained of herein occurred in Mahoning County, State of Ohio.

## FIRST CAUSE OF ACTION

11. Defendant GM is a manufacturer as defined in Ohio Revised Code §2307.71, which designed, produced, created, made, constructed, manufactured and/or assembled the subject vehicle.

12. The subject vehicle was defective in manufacture, pursuant to Ohio Revised Code §2307.74 because the seat, seatback and occupant restraint system would not prevent the seat from collapsing and the occupant restraint system failed to restrain the Plaintiff in her seat during a foreseeable rear end collision.

13. The subject vehicle was defective in design, pursuant to Ohio Revised Code §2307.75 because the seat, seatback and occupant restraint system are inadequate to function safely in foreseeable read end collisions. The risks inherent in the design of the seat, seatback and occupant restraint system outweighed the benefits of the design. At all times relevant, a technologically and economically feasible alternative design was available which would have prevented the harm for which Plaintiffs seek relief herein.

4

14. The subject vehicle was defective by reason of a failure by Defendant GM to provide adequate warning or instruction, pursuant to the provisions of Ohio Revised Code §2307.76 because Defendant GM failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of seat, seatback and occupant restraint failure in foreseeable rear impact crashes.

15. A defective aspect of the subject vehicle, specifically including its lack of crashworthiness, including the seat, seatback and occupant restraint system, was a direct and proximate cause of the injuries, damages and loss set forth hereinafter.

16. On or about October 1, 2013, Plaintiff's Decedent Ellen L. Terrell was the owner and operator of the subject 2009 Saturn Vue.

17. The Saturn was a vehicle designed, developed, manufactured, tested, assembled and distributed by Defendant GM.

18. The Saturn was a vehicle containing a driver's seat and all its component parts, including its seatback and seat pan. All such components were designed, developed, manufactured, tested, assembled and distributed by Defendant JCI.

19. On or about October 1, 2013, Defendant Anthony J. Italiano was the owner and operator of a 2003 Chevy 2500-HD pickup truck, white in color, bearing vehicle identification number 1GBHC24U43E135531 (hereinafter referred to as the "pickup truck").

20. On or about October 1, 2013, at approximately 5:40 p.m., Plaintiff's Decedent Ellen L. Terrell was southbound on U.S. 62 and stopped for a red light at the intersection of Market Street and Warren in Mahoning County, Ohio.

21. On or about that time, Defendant Italiano was driving the pickup truck in the same direction at some distance behind Plaintiff's Decedent, Ellen L. Terrell's vehicle.

22. As Defendant Italiano's vehicle approached the rear of Plaintiff's Decedent Terrell's vehicle, Defendant Italiano failed to stop and/or sufficiently brake, striking the Saturn from the rear.

23. At the time Defendant Italiano's pickup truck hit the rear of the Terrell Saturn, Plaintiff's Decedent, Ellen Terrell, was occupying the left front driver's seat, was properly positioned, and was wearing the available occupant restraint system provided by Defendants GM and JCI, when the vehicle was struck in the rear by the vehicle being operated by Defendant Italiano, the seat failed catastrophically and the occupant restraint system failed to restrain her in her seat, causing Plaintiff's Decedent, Ellen L. Terrell, to be ejected into the rear seat.

24. As a direct and proximate result of the defective condition of the seat and seatback components incorporated and assembled into the subject vehicle, and the failure of the occupant restraint system to secure her, Plaintiff's Decedent Ellen L. Terrell suffered a closed head injury, cerebral infarcts, cervical spine fracture, and vertebral artery injuries, which rendered her a quadriplegic. All of Plaintiff's Decedent Ellen L. Terrell's injuries, damages and loss are a direct and proximate result of the negligence of Defendant Italiano and the defective condition of the subject vehicle as placed in the stream of commerce by Defendants GM and JCI. All of Ellen L. Terrell's injuries, damages and loss are and were permanent.

6

25. As a further direct and proximate result of the defective condition of the subject vehicle and negligence complaint of above, Plaintiff's Decedent's injuries directly resulted in her death or on about December 19, 2014.

26. The Saturn vehicle's left front driver's seat occupant restraint system, including the seating system, seatback, seat pan and related component parts, failed to properly restrain Plaintiff's Decedent Ellen L. Terrell, resulting in the disabling and ultimately fatal injuries to Plaintiff's Decedent.

27. As a direct and proximate result of the defective condition of the subject vehicle and negligence of Defendant Italiano in the operation of his vehicle, and the injuries sustained as a direct and proximate thereof, Plaintiff's Decedent Ellen L. Terrell was hospitalized for an extended period of time and was caused to seek medical, surgical, hospital and other care. Said expenses and amounts are not ascertainable at this time.

28. As a further direct and proximate result of the defective condition of the subject vehicle and negligence complained of above and the injuries she sustained, Plaintiff's Decedent Ellen L. Terrell required special care, assistance, accessories and appliances, in amounts not ascertainable at this time.

29. As a further direct and proximate result of the negligence and strict liability complained of above, Plaintiff's Decedent Ellen L. Terrell suffered a loss of enjoyment of life, diminution of earning capacity, economic loss, along with continued physical and mental pain and suffering from the date of the accident until her untimely death on December 19, 2014.

## SECOND CAUSE OF ACTION vs. DEFENDANT JOHNSON CONTROLS, INC. ("JCI")

30. Plaintiffs hereby incorporate and reaver all the matters set forth in paragraphs 1 through 29 as if fully rewritten herein in this, their second cause of action.

31. Defendant JCI is a manufacturer as defined by Ohio Revised Code §2307.71 which designed, produced, created, made, constructed, manufactured and/or assembled the subject seating system.

32. The subject seating system was defective in manufacture, pursuant to Ohio Revised Code §2307.74.

33. The subject seating system was defective in design, pursuant to Ohio Revised Code §2307.75. At all times relevant, a technologically and economically feasible alternative design was available which would have prevented the harm for which Plaintiffs seek relief herein.

34. The subject seating system was defective by reason of Defendant JCI's failure to provide an adequate warning or instruction, pursuant to the provisions of Ohio Revised Code §2307.76.

35. As a direct and proximate result of the defective condition, of the components of the subject vehicle supplied by Defendant JCI and as a further direct and proximate result of the Defendant JCI's failure to provide adequate warnings or instruction to potential purchasers, Plaintiff's Decedent Ellen L. Terrell was caused to suffer the injuries, damages and loss set forth hereinabove.

8

## CAUSE OF ACTION FOR DON M. TERRELL
## FOR LOSS OF CONSORTIUM

36. Plaintiff Don M. Terrell hereby incorporates and reavers all the matters set forth in paragraphs 1 through 35 as if fully rewritten herein in this, his cause of action.

37. At all times relevant herein, Plaintiff Don M. Terrell and Plaintiff's Decedent Ellen L. Terrell were husband and wife.

38. As a direct and proximate result of the aforementioned injuries to Plaintiff's Decedent Ellen L. Terrell which were caused by the defective conditions of the subject vehicle and negligence as outlined above, Plaintiff Don M. Terrell has been and will continue to be deprived of the services care, companionship, comfort and consortium of his wife. His loss is permanent.

## CAUSE OF ACTION FOR WRONGFUL DEATH

39. Plaintiff Don M. Terrell hereby incorporates and reavers all the matters set forth in paragraphs 1 through 38 as if fully rewritten herein in this, his cause of action.

40. Plaintiff Don M. Terrell is the duly appointed and acting Executor of the Estate of Ellen L. Terrell, deceased, as set forth in Probate Court of Mahoning County Case Number 2015 ES 00079.

41. Plaintiff's Decedent, Ellen L. Terrell, died on December 19, 2014, as a direct and proximate result of a motor vehicle accident which occurred on October 1, 2013.

42. As a further direct and proximate result of the strict liability, lack of crashworthiness and defective condition of the subject vehicle caused by the Defendants GM and JCI, Ellen L. Terrell's Estate, heirs, and next-of-kin suffered damages as provided in Ohio Revised Code §§2521.01-2521.03, including loss of support, loss of services,

9

society, companionship, counseling, care, assistance, guidance, counsel, training and education, loss of prospective inheritance, mental anguish, and hospital, medical and funeral expenses.

### CAUSE OF ACTION FOR PUNITIVE DAMAGES AGAINST DEFENDANTS GM AND JCI

43. Plaintiffs hereby incorporate and reaver all the matters set forth in paragraphs 1 through 42 as if fully rewritten herein in this cause of action for punitive damages.

44. In the subject vehicle which Plaintiff's Decedent Ellen L. Terrell owned and was operating on October 1, 2013, Defendants GM and JCI had developed and installed the seats which were designed and manufactured for the Saturn Vue vehicles.

45. The Defendants GM and JCI were aware from the seat and seatback testing that had been performed on the Saturn Vue and other vehicles with the same or similar front seating systems and from real world incidents in which minivan occupants were seriously injured and killed by collapsing seats and seatbacks, that the front passenger seat and seatback would fail, collapse, give way, or bend backwards excessively in foreseeable rear end collisions and that serious injury to the vehicle occupants could and would result.

46. Defendants GM and JCI knew in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage and they continued their conduct with malice and reckless disregard of known risks and consequences from which malice and reckless disregard of the known consequences and wanton disregard may be inferred in designing, testing, manufacturing, inspecting, marketing, distributing, failure to warn or recall, and selling the 2009 Saturn Vue because

10

they had actual knowledge of the seat and seatback defects and accompanying risks to injury and life when they distributed, manufactured, marketed and placed the Saturn Vue into the stream of commerce for ultimate users like Plaintiff's Decedent Ellen L. Terrell.

47. Defendants GM and JCI acted with oppression, fraud and/or malice in designing, manufacturing, distributing, failing to warn or recall, and selling the 2009 Saturn Vue because they had knowledge of the seatback defects and accompanying risks of injury and life described above when they manufactured, marketed, distributed, failed to warn or recall, and sold the van based on testing results and real world incidents of the other motor vehicle seats. The Defendants GM and JCI consciously and deliberately, with flagrant disregard of the known safer designs and other available safety measures and in reckless and flagrant disregard of the possible and known results, placed the subject vehicle in the stream of commerce to ultimate consumers. The Defendants GM and JCI had knowledge of the seat and seatback and occupant restraint defects and reckless disregard of the known, substantial and foreseeable harm resulting from the defects which warrant the imposition of punitive damages against Defendants GM and JCI.

**WHEREFORE,** Plaintiffs respectfully demand judgment against the Defendants jointly and severally, individually and collectively, in the amount in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) as and for compensatory damages, together with costs, and whatever additional relief under the law or equity that the jury and Court determines to be fair and just after hearing the evidence. Further, Plaintiffs respectfully demand punitive or exemplary damages in an amount to be determined by the jury according to law, attorney's fees, and costs herein.

11

## JURY DEMAND

A trial by jury is herby requested in the maximum number allowed by law at the time of the trial of the within action.

Respectfully submitted,

*/s/ James A. Lowe*

James A. Lowe (#0002495)
Gregory S. Scott (#0067255)
Lowe Eklund Wakefield Co., LPA
1660 West Second Street
610 Skylight Office Tower
Cleveland, OH 44113-1454
(216) 781-2600 (Telephone)
(216) 781-2610 (Facsimile)
jlowe@lewlaw.com
gscott@lewlaw.com
Attorneys for Plaintiffs