PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DON M. TERRELL, *Individually and as Executor of the Estate of the Deceased Ellen L. Terrell*, | CASE NO. 4:15cv1249 |
| Plaintiff, | |
| v. | JUDGE BENITA Y. PEARSON |
| GENERAL MOTORS, LLC, *et al.*, | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** |

The above-captioned case was removed from the Mahoning County Court of Common Pleas.

**I. Background**

Plaintiff filed a lawsuit against Defendants General Motors, LLC, Johnson Controls, Inc., and Anthony Italiano in the Mahoning County, Ohio Court of Common Pleas on April 1, 2015. ECF No. 1-1. The Original Complaint alleged causes of action for negligence, product liability, loss of consortium, wrongful death, and a cause of action for punitive damages against all three defendants. *Id.* Plaintiff voluntarily dismissed Johnson Controls on May 15, 2015. *See Terrell v. General Motors, et al.*, 2015-cv-00877 (Mahoning County Court of Common Pleas docket).[1]

Plaintiff filed the First Amended Complaint on June 4, 2015. ECF No. 1-2. Other than

---

[1] The docket may be accessed electronically *via* the Mahoning County Clerk of Courts Case Search website: http://ecourts.mahoningcountyoh.gov/eservices/home.page.

(4:15cv1249)

substituting Defendant Lear Corporation in place of Johnson Controls, the First Amended Complaint asserted identical causes of action as the initial Complaint (negligence, product liability, loss of consortium, wrongful death, and a cause of action for punitive damages). Plaintiff omitted Defendant Italiano from the caption of the First Amended Complaint. Nevertheless, he referred to Italiano as a defendant throughout the First Amended Complaint. *Compare, e.g.*, ECF No. 1-1 ¶ 8 (Original Complaint, stating that Defendant Italiano resides in Youngstown, Ohio), *with* ECF No. 1-2 ¶ 8 (First Amended Complaint, stating that Defendant Italiano resides in Youngstown, Ohio).

The next day, on June 5, 2015, Plaintiff filed a motion for an order *nunc pro tunc*. *Terrell v. General Motors, et al.*, 2015-cv-00877 (Mahoning County Court of Common Pleas docket). Italiano's opposition (ECF No. 1-3 at 2, filed on June 15, 2015) and Plaintiff's reply (ECF No. 1-3 at 6, filed on June 17, 2015) reveal that the motion had been made to correct the inadvertent omission of Italiano from the case caption of the First Amended Complaint. Plaintiff's reply further states that he did not omit Italiano from the body of the First Amended Complaint. ECF No. 1-3 at 6.

Defendant Lear Corporation filed a notice of removal on June 22, 2015—five days after Plaintiff had filed a reply in support of the motion for an order *nunc pro tunc*—and admits that the state court had not yet resolved Plaintiff's motion. ECF No. 1 ¶ 4.

## II. Ruling

Federal courts have a constitutional obligation to ensure that subject-matter jurisdiction

2

(4:15cv1249)

exists. *Ku v. State of Tennessee*, 322 F.3d 431, 433 (6th Cir. 2003) ("A federal court's original jurisdiction is created by statute enacted under Article III, which functions as a fundamental limit on federal power."). This includes jurisdiction contingent on diversity of citizenship. "The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (citations omitted). The same is true when jurisdiction is questioned in the context of removal:

> In substance, [28 U.S.C. § 1447(c)] differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason, *e.g.*, because the removal took place after relevant time limits had expired. For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice. For the former kind of case, *remand may take place without such a motion and at any time*.

*Schacht*, 524 U.S. at 392 (citations omitted, emphasis added).

There is no question that the First Amended Complaint contains allegations and claims imputing Defendant Anthony J. Italiano, who is a resident of Ohio and, therefore, non-diverse from Plaintiff Don M. Terrell, who also resides in Ohio. ECF No. 1-2 ¶ 1. The decedent also resided in Ohio. *Id.* ¶ 2; ¶ 8. Specifically, Plaintiff contends that Defendant Italiano failed to "stop and/or sufficiently brake" when his vehicle approached decedent's. *Id.* ¶ 22. The injuries that decedent sustained during the accident "are a direct and proximate result of the [alleged] negligence of Defendant Italiano and the [alleged] defective condition of the subject vehicle as

3

(4:15cv1249)

placed in the stream of commerce by Defendants GM and Lear Corporation." *Id.* ¶ 24. Plaintiff alleges a similar causal connection with respect to decedent's death on or around December 19, 2014. *Id.* ¶ 25. Moreover, Plaintiff alleges that Defendant Italiano is liable to Plaintiff for loss of consortium due to Defendant Italiano's negligent conduct. *Id.* ¶ 38.

Oddly, Defendant Lear Corporation alleges in the Notice of Removal that this action involves a controversy between citizens of different states (ECF No. 1 ¶ 3), but acknowledges that Defendant Italiano's presence in the lawsuit undermines complete diversity:

> The original Complaint filed on April 1, 2015 also named Anthony Italiano, an Ohio citizen, as a defendant. The First Amended Complaint filed on June 4, 2015 omitted Italiano from the caption of that pleading but did refer to him in the body of the pleading (First Amended Complt. ¶¶ 19, 21 to 24). Italiano asserts in state court that the omission of his name from the caption of the First Amended Complaint constitutes a dismissal of the claim against him. *See*: Exhibit C. Plaintiff disputes this assertion and the issue is unresolved. If the issue is resolved in Italiano's favor, complete diversity exists.

ECF No. 1 ¶ 4; *see also id.* ¶ 6 (declaring that "all defendants, including Italiano, have consented to removal").

At the threshold, there is no complete diversity while Italiano remains a party to this case. Defendant Lear Corporation appears to acknowledge this without respecting its significance. Defendant Italiano's presence undermined complete diversity from the moment Lear removed the case to federal court. The inadvertent omission of his name from the caption of the First Amended Complaint did not change that.

Accordingly, the Court lacks subject-matter jurisdiction over the matter. The case is

(4:15cv1249)

remanded to the Mahoning County, Ohio Court of Common Pleas forthwith.[2]

    IT IS SO ORDERED.

 June 30, 2015                                  /s/ Benita Y. Pearson
Date                                             Benita Y. Pearson
                                                     United States District Judge

---

[2] As the Court has lacked subject-matter jurisdiction from the date of removal, the Court also lacks the jurisdiction to consider the pending motion to sever (ECF No. 3).